829 F.2d 1120
 46 Ed. Law Rep. 509
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Otis L. LEE, Plaintiff-Appellant,
v.
ALBEMARLE COUNTY SCHOOL BOARD; Carlos Y. Gutierrez; Englar
M. Feggans; Carolyn S. Gaines; Harriet L. Scott; Wilbert
T. Lewis, Jr.; Ella C. May; Christine N. Garrison; the
Albemarle County Fact-Finding Panel and Members, Necessary
Parties, Defendants-Appellees.
 No. 86-2182.
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1987.
Decided Sept. 14, 1987.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-84-0038-C)
 J. Benjamin Dick (S. W. Tucker; Hill, Tucker & Marsh, on brief), for appellant.
 Douglas Leigh Guynn (Wharton, Aldhizer & Weaver; George R. St. John; St. John, Bowling, Payne & Lawrence; J. Randolph Parker; Tucker & Parker, on brief), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Otis L. Lee, a black male and a former adminiStrative assistant to the Superintendent of the Albemarle Board countY School ("the Board"), appeals an order of the district court granting summary judgment in favor of all defendants in his civil action brought pursuant to 42 U.S.C. Secs. 1981, 1983 and 1985. Lee alleged that his discharge by the Board was improper and racially motivated. The district court concluded that there was no evidence of racial animus in the action taken against Lee. We affirm.
 
 
 2
 Prior to his discharge, Lee acted as chairman of the Board's Minority Task Force, which was responsible for recruiting minority applicants for teaching positions in the Albemarle County public schools. On September 22, 1982, a story appeared in a local newspaper asserting that Lee had used his position to pressure a newly-hired minority teacher into renting an apartment in a building that he owned. Following the newspaper report, Carlos Gutierrez, the Superintendent of Albemarle County Schools suspended Lee pending an investigation of the incident mentioned in the newspaper account as well as certain other allegations that Lee had abused his public position.
 
 
 3
 Following a preliminary investigation, Superintendent Gutierrez concluded that the charges against Lee had merit and recommended his dismissal to the Board. Lee then elected a . hearing before a three-person fact-finding panel as provided by Virginia Code Sec. 22-1-310. A panel was selected and four days of hearings were conducted in January and February, 1983. Lee was represented by counsel throughout the hearings.
 
 
 4
 At the conclusion of the hearings, the panel found, inter alia, that
 
 
 5
 Otis Lee conducted personal business on a regular basis during the course of his employment as Administrative Assistant to the Superintendent of the Albemarle County School Division which constituted a conflict with his official duties.
 
 
 6
 The panel further concluded that Lee's actions constituted grounds for dismissal under Virginia law.[1] After a review of the panel's findings and a transcript of the hearings, the Board voted by a vote of six to zero to discharge Lee.
 
 
 7
 Lee subsequently filed a civil action alleging that he had been dismissed in violation of his constitutional rights to procedural and substantive due process, that his discharge was racially motivated, and that Superintendent Gutierrez had conspired with members of the Board to deprive him of his civil rights. Named as defendants were the Albemarle County School Board and seven of its members individually, the fact-finding panel and all three of its members individually, Superintendent Gutierrez, and three employees of the Board who witnessed the incident described in the September 22, 1982, newspaper story.
 
 
 8
 On October 29, 1986, the district court granted summary judgment in favor of the defendants on all claims advanced by Lee. The court concluded that the Board had established a legitimate justification for dismissing Lee and had accorded him a full and fair opportunity to be heard on the charges against him. The court also held that Lee's complaint of racial discrimination amounted to nothing more than a "bare allegation" without evidentiary support.
 
 
 9
 On appeal, Lee contends that there is a material question of fact concerning whether the Board conducted an impermissible second hearing on his pending discharge which he was not permitted to attend. Lee also argues that he established a prima facie case of racial discrimination in the Albemarle School system that precludes summary judgment on his Secs. 1981, 1983 and 1985 claims.
 
 
 10
 Upon consideration of the record, briefs, and oral argument, we conclude that appellant's contentions are utterly without merit.[2] Accordingly, we affirm the grant of summary judgment in this matter for the reasons expressed by the district court. Otis L. Lee v. The Albemarle School Board, et al, C/A No. 84-0038-C (W.D. Va. October 29, 1986).
 
 AFFIRMED
 
 
 [1]
 Educational personnel may be dismissed in virginia for any "good or just cause." Va. Code Sec. 22.1-307
 
 
 [2]
 The record clearly discloses that the Board merely reviewed the extensive transcript of the fact-finding pane i Is hearings. There is no indication that a second hearing was conducted
 Appellant's effort to assert a prima facie case of discrimination based upon his replacement as administrative assistant by a Caucasian is also flawed. His complaint alleged discriminatory discipline. In such cases, a prima facie case requires the plaintiff to show that the disciplinary measures imposed against him were more severe than those enforced against a member of the non-protected class engaged in similar conduct. Moore v. City of Charlotte, 754 F.2d 1100 (4th Cir.), cert. denied, --U.S. ----, 105 S.Ct. 3489 (1985). There is no evidence in the record to support a prima facie case of discrimination under that standard.